UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MARSHEEM JOHNSON,

|                          | Petitioner, | Civil Action No. 9:20-CV-0836 (MAD) |

v.

JAMES THOMPSON,

Respondent.

_____

APPEARANCES:                                          OF COUNSEL:

MARSHEEM JOHNSON
17-B-2753
Petitioner, pro se
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

HON. LETITIA JAMES                                    HANNAH S. LONG
New York State Attorney General                        Assistant Attorney General
Office of the New York State Attorney General
The Capitol
Albany, NY 12224

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

### I.   INTRODUCTION

Petitioner Marsheem Thompson ("petitioner") filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on or about July 2, 2020, in the Western District of New York.  Dkt. No. 1, Petition ("Pet.").  The petition was transferred to this District by Order dated July 27, 2020.  Dkt. No. 4.

Upon receipt of the action in this District, the Court directed petitioner to file an affirmation explaining why the statute of limitations should not bar his petition and why state court remedies were unavailable or ineffective to meet the exhaustion requirements under 28 U.S.C. § 2254.  *See* Dkt. No. 5.  Petitioner thereafter filed the required affirmation, Dkt. No. 6, and the Court directed respondent to answer the petition, *see* Dkt. No. 7.  On February 26, 2021, respondent filed his answer, Dkt. No. 20, relevant state court records, Dkt. No. 20-1 ("SCR"), and memorandum of law in opposition to the petition, Dkt. No. 20-2 ("Resp. Memo.").

On July 7, 2022, respondent filed a letter with the Court indicating that petitioner's claims challenging the proper calculation of his sentence are now moot because petitioner's full sentence expired on January 31, 2022.  *See* Dkt. No. 23 ("Resp. Letter").  Included in the respondent's submission was the last known address for petitioner on file with the New York State Department of Corrections and Community Supervision ("DOCCS").  *See* Dkt. No. 23-1.  Accordingly, the Court mailed a Text Notice to petitioner using the two addresses available, notifying him that, if he wished to respond to respondent's recent letter, he must do so by July 29, 2022.  Text Notice Dated July 8, 2022.  To date, the Court has received no response from petitioner, nor has respondent updated his address with the Court or otherwise communicated with the Court since August 2020.  *See* Dkt. No. 6.

For the reasons that follow, petitioner's habeas petition is denied and dismissed.

## II.      RELEVANT BACKGROUND

In June 2016, petitioner was arrested in Onondaga County for criminal possession of a controlled substance in the third degree, in violation of New York Penal Law § 220.16(1), and criminal possession of a controlled substance in the seventh degree, in violation of New York

Penal Law § 220.03.  SCR at 4.[1]  On August 25, 2016, petitioner waived his right to a grand jury indictment and pleaded guilty to the felony offense (criminal possession of a controlled substance in the third degree) in exchange for the promise that, if he completed a drug treatment program, he would be allowed to substitute a plea for the misdemeanor (criminal possession of a controlled substance in the seventh degree) and receive a one-year conditional discharge.  SCR at 7-8, 10, 12-15.  If petitioner failed to successfully complete the drug treatment program, he would be sentenced on the felony.  *Id*. at 7-8.

Because petitioner failed to complete the drug treatment program, SCR at 20-22, he was sentenced on September 19, 2017, to three years' imprisonment and two years' post-release supervision for the felony and one year imprisonment (to run concurrently) for the misdemeanor, *id.* at 23-24.

Petitioner did not appeal the judgment.  Pet. at 2.

The habeas petition now pending before the Court includes two claims.  Petitioner first contends that his Fourth Amendment rights were violated during the arrest.  Pet. at 11.  Second, petitioner claims that DOCCS miscalculated his sentence and that he is being held in custody beyond his maximum expiration date.  *Id.* at 12-13.

Respondent opposes the petition, arguing, in pertinent part, that the Fourth Amendment claim is not cognizable and the sentencing claim is now moot because petitioner's sentence expired in January 2022.  Resp. Memo. at 16-23; Resp. Letter at 2-3.

---

[1]  For the sake of clarity, citations to page numbers in this Decision and Order refer to those pages automatically generated by the Court Management/Electronic Case Filing system.

III.     **DISCUSSION**

A.      **Fourth Amendment Claim**

Petitioner claims that (1) the police did not have "a warrant to stop [him]," (2) he was not asked for identification, (3) police did not have probable cause,[2] (4) the police "handcuffed and arrested [him] without" reading him his rights, and (5) he was strip-searched in public.  Pet. at 11.  Liberally construed, these contentions suggest that petitioner's Fourth Amendment rights were violated during his arrest.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *accord, Class v. United States*, 138 S. Ct. 798, 804-05 (2018).  Petitioner does not suggest, and there is nothing in the state court record reflecting, that any police misconduct or violation of his Fourth Amendment rights during the arrest undermined the validity of his guilty plea.  Accordingly, petitioner's plea forecloses the availability of this claim on habeas review, and this claim is therefore denied and dismissed.[3]  *See, e.g., Haring v. Prosise*, 462 U.S. 306, 321 (1983) ("[W]hen a defendant is convicted pursuant to his guilty plea rather than a trial, the validity of that conviction cannot be affected by an alleged Fourth Amendment violation because the conviction does not rest in any way on evidence that may have been improperly seized.").

---

[2]  The petition does not specify for what action police did not have probable cause.

[3]  Because the Court finds that petitioner's Fourth Amendment claim is subject to dismissal on the basis that is not cognizable in light of his valid guilty plea, respondent's other grounds for denial need not be (and have not been) considered.

4

### B.      Sentencing Claim

Petitioner's second habeas claim is that DOCCS has confined him beyond the maximum expiration of sentence.  Pet. at 11-12.

Article III, § 2 of the United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  This means that, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis*, 494 U.S. at 477; *see also Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (internal quotation marks omitted)).  Thus, a case is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal quotation marks omitted).  "The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."  *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983).  "[I]f an event occurs during the course of the proceedings . . . that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, [the court] must dismiss the case" as moot.  *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (internal quotation marks omitted).

A petition for habeas corpus relief does not necessarily become moot when the petitioner is released from prison.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *accord, United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999).  Rather, the matter will remain a live case or controversy if there remains "some concrete and continuing injury" or "collateral consequence" resulting from the conviction.  *Spencer*, 523 U.S. at 7.  In cases where the

petitioner challenges the conviction itself, the Supreme Court "has been willing to presume the existence of collateral consequences sufficient to satisfy the case-or-controversy requirement" even if those collateral consequences "are remote and unlikely to occur." *United States v. Probber*, 170 F.3d 345, 348 (2d Cir. 1999) (emphasis omitted).  This presumption has been justified on the theory that "'most criminal convictions do in fact entail adverse collateral legal consequences,'" including deportation, enhancement of future criminal sentences, and certain civil disabilities such as being barred from holding certain offices, voting in state elections, and serving on a jury.  *Mercurris*, 192 F.3d at 293 (quoting *Sibron v. New York*, 392 U.S. 40, 55 (1968)).

Petitioner's second claim in this case does not challenge the validity of his conviction. Instead, petitioner challenges DOCCS's calculation of his sentence and argues that he was held beyond the maximum expiration of his sentence.  The presumption of collateral consequences, therefore, does not apply.  *Spencer*, 523 U.S. at 14.   Because petitioner's sentence finally expired on January 31, 2022, and he was released from DOCCS's custody, he is no longer suffering, or at risk of continuing to suffer, a concrete and particularized injury that is fairly traceable to the challenged conduct.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *McCormick v. Annucci*, No. 17-CV-0948, 2020 WL 1935608, at *4 (N.D.N.Y. Apr. 22, 2020) (dismissing as moot the petitioner's habeas claim challenging only the calculation of his sentence).  Accordingly, petitioner's second claim is denied and dismissed as moot.

IV.     **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the petition (Dkt. No. 1) is **DENIED AND DISMISSED** in its entirety; and it is further

**ORDERED** that the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because petitioner failed to make a "substantial showing of the denial of a constitutional right"; and it is further

**ORDERED** that any further request for a certificate of appealability must be addressed to the Second Circuit Court of Appeals in accordance with Rule 22(b) of the Federal Rules of Appellate Procedure; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules of Practice for this Court.

**IT IS SO ORDERED.**

Dated:  August 4, 2022

Mae A. D'Agostino
U.S. District Judge